UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT WRIGHT and JOHNNY KULA,<br><br>      *Plaintiffs*,<br><br> v.<br><br>MASSACHUSETTS DEPARTMENT OF PUBLIC HEALTH and MARGRET R. COOKE, in her official capacity as Commissioner of the Massachusetts Department of Public Health,<br><br>      *Defendants*. | Civil Action No. 3-22-CV-11936 |

## **DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Defendants—Massachusetts Department of Public Health (the "Department") and Margaret R. Cooke, in her official capacity as Commissioner of the Department (the "Commissioner")—hereby move to dismiss Plaintiffs' Complaint for Declaratory and Injunctive Relief (the "Complaint") in its entirety under Federal Rules of Procedure 12(b)(1) and 12(b)(6). The grounds for this motion are set forth in the accompanying memorandum of law.

In the midst of the COVID-19 pandemic, the Department, working in partnership with Google, rolled out a digital exposure notification system, for use on smartphones, that would alert users who may have been exposed to COVID-19 (the "Exposure Notification Settings Feature" or "Feature"). In this purported class action lawsuit, Plaintiffs allege that Defendants "secretly installed" the Feature on Android devices and that the system allows the Department to track plaintiffs' locations without their consent. But Plaintiffs' Complaint and the materials attached to it do not support their narrative. Instead, those materials show that the Exposure Notification Settings Feature is an optional, anonymous service that does not collect location information.

1

Nonetheless, Plaintiffs allege that the distribution of the Exposure Notification Settings Feature violated various state laws, constituted an unreasonable search under the Fourth Amendment and an uncompensated taking under the Fifth Amendment, and violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2).

The Court should dismiss the Complaint, which asserts a host of groundless claims under state and federal law. *First*, the Commonwealth's Eleventh Amendment immunity bars all of Plaintiffs' claims against the Department, as well as the state law claims against the Commissioner (Counts II, IV, V, VI, VII, and IX) and all claims for monetary damages. *Second*, Plaintiffs fail to state a claim of an unreasonable search under the Fourth Amendment (Count I) because they do not allege facts plausibly suggesting that installation of the Exposure Notification Settings Feature constituted a "search," nor do Plaintiffs allege facts plausibly suggesting that Google's distribution of the Feature constituted state action. *Third*, Plaintiffs' Fifth Amendment takings claim (Count III) fails because the Complaint does not allege facts about Plaintiffs' claimed property interest in digital storage or how installation of the Exposure Notification Settings Feature affected that storage. Furthermore, installation of the Feature could not constitute a taking where Plaintiffs deleted the feature without consequence. *Fourth*, Plaintiffs' CFAA claim (Count VII) fails to state a claim because it fails to plead the necessary elements of a civil action under the CFAA.

For these reasons, as explained more fully in the accompanying memorandum of law, the Defendants respectfully request that this Court dismiss Plaintiffs' Complaint.

Respectfully submitted,

MASSACHUSETTS DEPARTMENT OF PUBLIC HEALTH and MARGRET R. COOKE, in her official capacity as Commissioner of the Massachusetts Department of Public Health,

By their attorney,
ANDREA JOY CAMPBELL,
ATTORNEY GENERAL

/s/ *Erin E. Fowler*
Kimberly Parr, BBO No. 679806
Erin E. Fowler, BBO No. 707188
Konstantin Tretyakov, BBO No. 698430
Assistant Attorneys General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2489
Kimberly.Parr@mass.gov

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I certify that on February 21, 2023, Defendants' counsel conferred with counsel for the plaintiffs, Sheng Li, Esq., by teleconference and attempted in good faith to resolve or narrow the issues in dispute.

/s/ *Erin E. Fowler*
Erin E. Fowler
Assistant Attorney General

Dated: February 27, 2023

## CERTIFICATE OF SERVICE

I certify that this document, filed through the Court's ECF system, will be sent electronically to registered participants and that copies will be sent to non-registered participants by email on February 27, 2023.

/s/ *Erin E. Fowler*
Erin E. Fowler
Assistant Attorney General

Dated: February 27, 2023