## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT WRIGHT *et al.*,<br>                    *Plaintiffs*,<br><br> v.<br><br>ROBERT GOLDSTEIN, in his official<br>capacity as Commissioner of the Massachusetts<br>Department of Public Health,<br>                    *Defendant*. | Civil Action No. 3-22-CV-11936 |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

### I.    INTRODUCTION

1.    The Parties to this Agreement are Plaintiffs Robert Wright, Johnny Kula, Kyle Donnell, Jennifer Hohl, Janice Santello, and Andrew Blake, individually and on behalf of others similarly situated, and Defendant Robert Goldstein, in his official capacity as Commissioner of the Massachusetts Department of Public Health ("Commissioner"). The Parties enter into this Settlement Agreement and Release of Claims ("Agreement"), to be implemented on a class-wide basis after the Court certifies the class and approves the settlement, as described herein, to resolve all claims for injunctive or declaratory relief that were or could have been asserted in *Wright et al. v. Goldstein*, D. Mass., Civil Action No. 3-22-cv-11936 (the "Action").

2.    In the Action, Plaintiffs alleged that in or around June 2021 the Massachusetts Department of Public Health ("Department") worked with Google LLC ("Google") to automatically install a mobile device application, known alternatively as "MassNotify v.3," "Exposure Notification Settings Feature-MA," and "Massachusetts Department of Public Health," onto Android Devices without the device owners' permission or awareness (hereinafter, the "COVID Exposure Notification Setting"). Plaintiffs further alleged that the COVID Exposure

1

Notification Setting collected data from the Android Devices onto which it was installed, also without the device owners' permission or awareness. The Commissioner denies these allegations.

3.     The Parties agree and acknowledge that, as of May 2023, the COVID Exposure Notification Setting is no longer operational. The Commissioner denies Plaintiffs' claims that the distribution and operation of the COVID Exposure Notification Setting was unlawful in any way.

4.     The Parties have entered into this Agreement solely to settle this Action and to resolve their dispute concerning the Parties' respective rights and obligations without the expense and uncertainty of litigation. No party to this Agreement admits or concedes any wrongdoing or violation of law, or that all of the Parties' interests, legal rights and responsibilities are necessarily satisfied by this Agreement. The fact that a Party executes this Agreement shall not be evidence in any other proceeding of wrongdoing or violation of law.

## II.    DEFINITIONS

5.     The following definitions apply to this Agreement:

a.    "Action" refers to the above-captioned action, as previously defined in paragraph 1 of this Agreement.

b.    "Agreement" or "Settlement Agreement" refer to this Settlement Agreement and Release of Claims.

c.    "Amended Complaint" refers to the First Amended Complaint for Declaratory and Injunctive Relief filed by Plaintiffs in this Action on March 20, 2023 (ECF 22).

d.  "Android Devices" refers to any portable wireless computing device (*e.g.*, a smartphone or a tablet) that uses the Android operating system developed by Google.

e.  "Class Members" refers to all persons who have or have had the COVID Exposure Notification Setting—known alternatively as "MassNotify v.3," "Exposure Notification Settings Feature-MA," and "Massachusetts Department of Public Health"—on their Android Devices from March 18, 2021, until May 11, 2023.

f.  "Class Counsel" refers to Margaret Little, of the New Civil Liberties Alliance (NCLA).

g.  "Commissioner" refers to the Commissioner of the Massachusetts Department of Public Health, presently Robert Goldstein, and any successor who holds that official position during the term of this Agreement.

h.  "COVID Exposure Notification Setting" refers to the application known alternatively as "MassNotify v.3," "Exposure Notification Settings-MA," and "Massachusetts Department of Public Health" and described in paragraph 2 of this Agreement.

i.  "Department" refers to the Massachusetts Department of Public Health.

j.  "Plaintiffs" refers to the individually named plaintiffs, Robert Wright, Johnny Kula, Kyle Donnell, Jennifer Hohl, Janice Santello, and Andrew Blake.

k.  "Primary Data" refers to aggregate, anonymized data, including metrics on the number of Android Devices contributing anonymous data, exposure notification metrics, exposure notification interaction metrics, key upload

metrics, verification code metrics, and anonymous keys that had been voluntarily shared; Primary Data does not include a user's specific analytic information, such as any personal or location information, and Department does not have access to personalized data (including but not limited to, a user's name, email address, or location) via COVID Exposure Notification Setting.

l.   "Prohibited Data-Collecting Application" refers to any mobile device application developed for use on Android Devices that collects data about the Android Device owners without the owners' consent.

## III.    TERMS AND CONDITIONS

6.    **Data Destruction:** Within ninety (90) days of the entry of the final settlement approval order described in paragraph 11 of this Agreement, the Commissioner or his designee shall (a) destroy any Primary Data in the Department's possession, custody and control, which the Department, exercising all due diligence, has located and is aware of as of the date of the certification described below, that was made available to the Department from the COVID Exposure Notification Setting on Android Devices; and (b) certify in writing to Class Counsel that such data has been destroyed and will not be provided to any third party. The Commissioner's certification shall be in the form attached as **Exhibit C** to this Agreement.

7.    **Prospective Relief:** Immediately upon filing the stipulation of dismissal described in paragraph 8 and for a period of five (5) years thereafter, the Commissioner shall not install or cause to be installed on Android Devices any Prohibited Data-Collecting Application without the device owner's permission, except in accordance with the law. In the

event the Commissioner decides during this five (5) year period to install or cause to be installed any Prohibited Data-Collection Application on Android Devices, the Commissioner shall notify Class Counsel in writing thirty (30) days before that installation occurs, unless the installation of such Prohibited Data-Collection Application is authorized by law.

8.       Within three business days of receiving service of the Commissioner's certification, described in paragraph 6 of this Agreement, the Parties shall file a stipulation of dismissal of this Action with prejudice and without costs or attorneys' fees in the form attached as **Exhibit D** to this Agreement. Failure to timely stipulate to the dismissal of this Action shall constitute a material breach of this Agreement.

**IV.    COURT APPROVAL PROCESS**

9.       Within one business day of execution of this Agreement, the Parties, by and through their counsel of record, will file a Joint Motion for Preliminary Approval of Settlement Agreement and Provisional Class Certification that seeks entry of the proposed order attached as **Exhibit A** to this Agreement. The Parties' joint motion shall include a copy of this Agreement and shall request that the Court: (a) approve a draft notice of settlement, a draft summary notice, the plain language summary, and a proposed order granting preliminary approval to be attached to the motion; (b) provide that the notice of settlement and summary notice state that any Class Member (other than named Plaintiffs) may object to this Agreement by mailing a written objection to the Court and Plaintiffs' counsel at least 10 days before the fairness hearing described below; (c) approve the publication of the notice of settlement and summary notice by the Commissioner in a daily newspaper of general distribution; and (d) provide a date for a fairness hearing pursuant to Fed. R. Civ. 23(e) that is no fewer than 45 days, and no more than 60 days, after the entry of the order in the form attached as **Exhibit A**

(or in a form that does not differ in any material respect from the proposed order attached as **Exhibit A**).

10.     Plaintiffs' counsel shall maintain copies of any objections to this Agreement and, on a weekly basis, shall provide copies of such objections to counsel for the Commissioner. The notice of settlement and the summary notice shall set out the mailing address of Plaintiffs' counsel. Plaintiffs' counsel shall maintain a telephone number that may be called during normal business hours by any Class Member who has questions about this Agreement. The notice of settlement and the summary notice shall set out this telephone number and state that Class Members with questions about this Agreement may call the number during normal business hours.

11.     Within 5 days after the notice process described herein is complete, and no later than within 65 days after the Court's issuance of order in the form attached as **Exhibit A** (or in a form that does not differ in any material respect from the proposed order attached as **Exhibit A**), the parties shall file a Joint Motion for Final Approval of this Agreement and Class Certification, file a Joint Motion for Final Approval of this Agreement and Class Certification, including the draft approval order attached hereto as **Exhibit B**. The Parties agree to take such actions as are reasonably necessary to obtain final approval of this Agreement and final class certification by the Court pursuant to Fed. R. Civ. P. 23(e). The parties agree to request that the Court certify the Class as defined in paragraph 5(e) of this Agreement.

12.     The validity of this Agreement and the performance of obligations under this Agreement are contingent upon the Court's issuance of orders in the form attached as **Exhibit A** and **Exhibit B** (or in a form that does not differ in any material respect from the proposed orders attached as **Exhibit A** and **Exhibit B**).

13.     If the Court denies any of the motions described in paragraphs 9 and 11 of this

Agreement, or if the Court grants any of those motions by entering an order that differs in any

material respect from the proposed orders attached as **Exhibit A** and **Exhibit B**, this Agreement

shall be null and void and of no force and effect, and nothing herein shall be deemed to prejudice

the position of any Party with respect to the Action or otherwise; and neither the existence of this

Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings

connected with it, shall be admissible in evidence, referred to for any purpose in the Action or in

any other litigation or proceeding, or construed as an admission, presumption, or concession by

the Commissioner of any liability or the truth of any of the allegations in the Action.

**V.     DISMISSAL AND RELEASE OF CLAIMS**

14.     Upon filing the stipulation of dismissal described in paragraph 8 of this

Agreement, Plaintiffs and all Class Members fully, finally and forever release, relinquish,

discharge, and waive any and all claims for injunctive or declaratory relief that were or could

have been asserted in this Action arising out of the facts and/or legal claims raised in the

Amended Complaint against the Commissioner, the Department, or any other Massachusetts

state agency, official or employee, from the beginning of time until the termination of this

Agreement. Plaintiffs and Class Members do not release, relinquish, discharge or waive claims

for monetary damages associated with the facts and/or legal claims raised in the Amended

Complaint. In addition, the Commissioner, the Department, and others Massachusetts state

agencies fully release Plaintiffs and Class Members from any counterclaims that were or could

have been asserted by the Commissioner in this action, excluding claims for monetary damages

associated with the facts and/or legal claims raised in the Amended Complaint. The

Commissioner, the Department, and others Massachusetts state agencies fully retain any

defenses or counterclaims that could apply if Plaintiffs and all Class Members were to bring a future claim for monetary damages.

## VI.   GENERAL PROVISIONS

15.     This Agreement contains all the agreements, conditions, promises, and covenants between and among the Commissioner, Plaintiffs, Class Members, and their counsel regarding matters set forth in it and supersedes all prior or contemporaneous agreements, drafts, representations or understandings, either written or oral, with respect to the subject matter of this Agreement.

16.     The Parties may not modify any provision of this Agreement, except by a writing signed by or on behalf of all the Parties.

17.     This Agreement shall not constitute, be construed as, or otherwise be incorporated into a consent decree or other such order of the Court.

18.     The terms of this Agreement may be enforced by the Parties in an action for specific performance in a Massachusetts State court for a period of five (5) years after filing of the stipulation of dismissal described in paragraph 8.

19.     Nothing in this Agreement constitutes a waiver of the sovereign immunity by the Commonwealth of Massachusetts and its instrumentalities. This Agreement shall not constitute, nor be construed as, a consent decree against the Commonwealth.

20.     The Parties hereto have participated in the drafting of this Agreement and, accordingly, any claimed ambiguity should not be presumptively construed for or against any of the parties hereto.

21.     This Agreement shall be governed by the laws of the Commonwealth of Massachusetts.

22.    The Agreement may be signed in counterparts.

23.    All Parties shall bear their own costs, attorneys' fees, and other expenses

associated with the proceedings in this case.

| | |
|---|---|
| ROBERT WRIGHT *et al., plaintiffs,* | ROBERT GOLDSTEIN, in his official capacity as Commissioner of the Massachusetts Department of Public Health, *defendant*, |
| By their attorneys, | By his attorneys, |
| /s/ *Margaret A. Little* | ANDREA JOY CAMPBELL, ATTORNEY GENERAL |
| Margaret A. Little, *pro hac vice* NEW CIVIL LIBERTIES ALLIANCE 4250 N. Fairfax Dr., Suite 300 Arlington, VA 22203 (202) 869-5210 peggy.little@ncla.legal | /s/ *Konstantin Tretyakov* Konstantin Tretyakov, BBO No. 698430 Erin E. Fowler, BBO No. 707188 Assistant Attorneys General Office of the Attorney General Government Bureau One Ashburton Place Boston, MA 02108 (617) 963-2827 konstantin.n.tretyakov@mass.gov |

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

ROBERT WRIGHT *et al.*,
                                 *Plaintiffs*,

 v.                                                                Civil Action No. 3-22-CV-11936

ROBERT GOLDSTEIN, in his official
capacity as Commissioner of the Massachusetts
Department of Public Health,
                                 *Defendant*.

**[PROPOSED] ORDER PROVISIONALLY APPROVING SETTLEMENT AGREEMENT
AND SETTLEMENT CLASS**

The Court, having reviewed the proposed Settlement Agreement in this matter, the

Parties' Motion for Preliminary Approval, and the Parties' proposed Notice to Class Members

and Summary Notice, hereby Orders that:

1.  The proposed Settlement Agreement, attached hereto as Exhibit 1, is provisionally

     approved as fair and reasonable.

2.  The proposed class is provisionally certified as a settlement class pursuant to Fed. R. Civ.

     P. 23(e), and Margaret Little, of the New Civil Liberties Alliance (NCLA), is

     provisionally appointed as class counsel.

3.  The proposed Notice to Class Members and Summary Notice, attached hereto as Exhibits

     2 and 3, are approved. Within ten days of this Order, the Defendant shall publish the

     Notice to Class Members and the Summary Notice in a daily newspaper of general

     distribution.

4.  The Court establishes the following schedule for approval of the Settlement Agreement:

a. Notice published: _____ [DATE]

b. Objections filed: _____ [DATE]

c. Memoranda in support of final approval filed: _____ [DATE]

d. Fairness hearing: _____ [DATE and TIME], at the United

States District Court, 300 State Street, Springfield, Massachusetts 01105.

SO ORDERED.

DATED:_____

_____

Honorable Mark G. Mastroianni

## EXHIBIT 2: NOTICE OF SETTLEMENT AGREEMENT

Six individuals who own portable computing devices with an Android operating system filed a lawsuit claiming that in or around June 2021, the Massachusetts Department of Public Health ("Department") worked with Google LLC to automatically install a mobile device application, known alternatively as "MassNotify v.3," "Exposure Notification Settings Feature-MA," and "Massachusetts Department of Public Health," onto Android Devices without the device owners' permission or awareness (the "COVID Exposure Notification Setting"). Plaintiffs further allege that the COVID Exposure Notification Setting collected data from the Android Devices onto which it was installed, also without the device owners' permission or awareness. The Commissioner of the Department denies the allegations.

This Settlement Agreement will cause the Department to destroy any primary data in the Department's possession, which the Department, exercising all due diligence, has located and is aware of, that was made available to the Department from the COVID Exposure Notification Setting on Android Devices. Under the Settlement Agreement, the Department, for the period of 5 years, will also not install any application developed for use on Android Devices that collects data about the device owners without the owners' consent, unless the installation of such application is authorized by law.

### WHO IS PART OF THE SETTLEMENT?

You are a class member if you have or have had the COVID Exposure Notification Setting—known alternatively as "MassNotify v.3," "Exposure Notification Settings Feature-MA," and "Massachusetts Department of Public Health"—on your Android Device from March 18, 2021, until May 11, 2023.

### SUMMARY OF THE SETTLEMENT AGREEMENT

The Settlement Agreement requires the Department to destroy any primary data in the Department's possession and which the Department, exercising all due diligence, has located and is aware of that was made available to the Department from the COVID Exposure Notification Setting on Android Devices. Moreover, under the Settlement Agreement, the Department, for the period of 5 years, will also not install any application developed for use on Android Devices that collects data about the device owners without the owners' consent, unless the installation of such application is authorized by law.

### WHAT HAPPENS NOW? THE APPROVAL PROCESS

If you agree with the Settlement Agreement, you do not need to do anything.

The Judge has made a preliminary finding that the Settlement Agreement appears reasonable. Class members who want to object to the Settlement Agreement must file a written objection or comment by [DATE] with the Clerk, U.S. District Court, 300 State Street, Springfield, Massachusetts 01105. Copies of objections or comments should also be sent to 4250 N. Fairfax Drive, Suite 300, Arlington, VA 22203.

**IF YOU DO NOT SUBMIT A WRITTEN OBJECTION BY [DATE], YOU WILL LOSE YOUR RIGHT TO OBJECT TO THE SETTLEMENT AGREEMENT.**

If you have questions about this Notice or about the Settlement Agreement, you may contact Class Counsel. This Notice summarizes the Settlement Agreement. If you would like a copy of the full Settlement Agreement or the plain language summary, please email wrightclass.notification@ncla.legal or call Margaret Little or John Vecchione at (202) 869-5210.

**BINDING EFFECT**

If the Court approves this Settlement Agreement, the Agreement prevents class members from bringing claims for declaratory or injunctive relief about the same problems addressed in this Settlement Agreement.

The Court has scheduled a hearing to consider any objections and decide whether to finally approve the Settlement Agreement. The hearing will be held on [DATE], at [TIME] at the United States District Court, 300 State Street, Springfield, Massachusetts 01105. You are welcome to attend.

**UNLESS OBJECTING TO THE SETTLEMENT IN WRITING, PLEASE DO NOT CONTACT THE COURT DIRECTLY.**

## EXHIBIT 3: SUMMARY NOTICE

Six individuals who own portable computing devices with an Android operating system filed a lawsuit claiming that in or around June 2021, the Massachusetts Department of Public Health ("Department") worked with Google LLC to automatically install a mobile device application, known alternatively as "MassNotify v.3," "Exposure Notification Settings Feature-MA," and "Massachusetts Department of Public Health," onto Android Devices without the device owners' permission or awareness (the "COVID Exposure Notification Setting"). Plaintiffs further allege that the COVID Exposure Notification Setting collected data from the Android Devices onto which it was installed, also without the device owners' permission or awareness. The Commissioner denies the allegations.

This Settlement Agreement will cause the Department to destroy any primary data in the Department's possession and which the Department, exercising all due diligence, has located and is aware of, that was made available to the Department from the COVID Exposure Notification Setting on Android Devices. Under the Settlement Agreement, the Department, for the period of 5 years, will also not install any application developed for use on Android Devices that collects data about the device owners without the owners' consent, unless the installation of such application is authorized by law.

For copies of the Settlement Agreement or the plain language summary, or if you have any questions about the Settlement Agreement, please call Margaret Little or John Vecchione at (202) 869-5210.

Class members who want to object to the Settlement Agreement must file a written objection or comment by [DATE] with the Clerk, U.S. District Court, 300 State Street, Springfield, Massachusetts 01105. Copies of objections or comments should also be sent to 4250 N. Fairfax Drive, Suite 300, Arlington, VA 22203.

**IF YOU DO NOT SUBMIT A WRITTEN OBJECTION BY [DATE], YOU WILL LOSE YOUR RIGHT TO OBJECT TO THE SETTLEMENT AGREEMENT.**

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT WRIGHT *et al.*, | |
| *Plaintiffs*, | |
| | |
| v. | Civil Action No. 3-22-CV-11936 |
| | |
| ROBERT GOLDSTEIN, in his official capacity as Commissioner of the Massachusetts Department of Public Health, | |
| *Defendant*. | |

**[PROPOSED] ORDER APPROVING SETTLEMENT AGREEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

The Court, having reviewed the proposed Settlement Agreement in this matter and the Parties' Joint Motion for Final Approval, hereby Orders that:

1. The Settlement Agreement is finally approved as fair, reasonable, and adequate.

2. In making the final determination that the Settlement Agreement is fair, reasonable, and adequate, the Court has considered the factors set forth in Fed. R. Civ. P. 23(e)(2) and balanced the advantages and costs of the settlement against continued litigation. *See Robinson v. Nat'l Student Clearinghouse*, 14 F.4th 56, 59 (1st Cir. 2021); *Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009). The relief provided in the Settlement Agreement to Class Members is comprehensive and detailed; fairly, reasonably, and adequately remedies the injuries alleged; and treats class members equitably relative to one another. Class counsel conducted an initial investigation of the contested application before filing the litigation prior to engaging in arm's length negotiations. Class counsel is a competent attorney with

15

significant experience in litigating, negotiating, and implementing class action Fourth and Fifth Amendment cases, and the class representatives adequately represent the Class. The litigation risks and legal uncertainty associated with continued litigation for both parties support the conclusion that settlement is preferable. Finally, considering the above findings, any objections filed regarding the Settlement Agreement cannot overcome the presumption of reasonableness. See *Cohen v. Brown Univ.*, 16 F.4th 935, 951 (1st Cir. 2021).

3. The proposed class is permanently certified as a settlement class pursuant to Fed. R. Civ. P. 23(e), comprised of:

All persons who have or have had the COVID Exposure Notification Setting—known alternatively as "MassNotify v.3," "Exposure Notification Settings Feature-MA," and "Massachusetts Department of Public Health"—on their Android Devices from March 18, 2021, until May 11, 2023.

4. The Court, having considered the factors required by Fed. R. Civ. P. 23(g), and the qualifications, experience, and knowledge of class counsel, as set forth in their Memorandum in Support of Class Certification, ECF __, hereby appoints Margaret Little, of the New Civil Liberties Alliance (NCLA), as class counsel. The Court further finds that class counsel will fairly and adequately represent the interests of the class.

5. The Court does not retain jurisdiction to enforce and modify the Settlement Agreement and resolve any disputes that arise in connection therewith. Instead, the terms of the Settlement Agreement may be enforced in a State court action, as set forth in the Agreement.

SO ORDERED.

DATED:

_____
Honorable Mark G. Mastroianni

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ROBERT WRIGHT *et al.*,<br>                    *Plaintiffs*,<br><br> v.<br><br>ROBERT GOLDSTEIN, in his official<br>capacity as Commissioner of the Massachusetts<br>Department of Public Health,<br>                    *Defendant*. | Civil Action No. 3-22-CV-11936 |

**DEFENDANT'S CERTIFICATION OF FULFILLMENT OF OBLIGATIONS UNDER**
**THE SETTLEMENT AGREEMENT**

1.  This certification is served pursuant to paragraph 6 of the Settlement Agreement and Release of Claims, entered into on [DATE] by the Parties to the above-captioned case. All capitalized terms in this certification have the same meaning as ascribed to them in the Settlement Agreement.

2.  I, Eileen M. Sullivan, the Chief Operating Officer of the Massachusetts Department of Public Health, hereby certify and affirm that I have caused the destruction of all Primary Data in the possession, custody and control of the Department of Public Health, which the Department, exercising all due diligence, has located and is aware of as of the date of the certification, that was collected from Android Devices through the COVID Exposure Notification Setting and that such data will not be provided to any third party. I further certify and affirm that the Department of Public Health has fulfilled all of its obligations set forth in paragraph 6 of the Settlement Agreement.  Department certifies that it will

18

destroy any other Primary Data that it discovers after the date of the certification within

thirty days of such data being discovered and certify such destruction to class counsel.

Signed on this [DATE].

_____
Eileen M. Sullivan
Chief Operating Officer
Massachusetts Department of Public Health

**EXHIBIT D**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT WRIGHT *et al.*,<br>                    *Plaintiffs*,<br><br> v.<br><br>ROBERT GOLDSTEIN, in his official<br>capacity as Commissioner of the Massachusetts<br>Department of Public Health,<br>                    *Defendant*. | Civil Action No. 3-22-CV-11936 |

**PARTIES' JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

The Plaintiffs and Defendant (hereafter "the Parties") hereby stipulate and agree, through their

respective counsel, that this action shall be dismissed with prejudice pursuant to Fed. R. Civ. P.

41(a)(1)(A)(ii), with each party bearing their own costs and attorney's fees.

ROBERT WRIGHT *et al., plaintiffs,*

ROBERT GOLDSTEIN, in his official capacity as Commissioner of the Massachusetts Department of Public Health, *defendant,*

By their attorneys,

By his attorneys,

/s/ *[DRAFT]*

Margaret A. Little, *pro hac vice*
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Dr., Suite 300
Arlington, VA 22203
(202) 869-5210
peggy.little@ncla.legal

ANDREA JOY CAMPBELL,
ATTORNEY GENERAL

/s/ *[DRAFT]*
Konstantin Tretyakov, BBO No. 698430
Erin E. Fowler, BBO No. 707188
Assistant Attorneys General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2827
konstantin.n.tretyakov@mass.gov