**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ROBERT WRIGHT *et al*,
*Plaintiffs*,

v.

ROBERT GOLDSTEIN, in his official capacity as Commissioner of the Massachusetts Department of Public Health,
*Defendant*.

Civil Action No. 3-22-CV-11936

**AMENDED ORDER APPROVING SETTLEMENT AGREEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

The Court, having reviewed the proposed Settlement Agreement in this matter, the Parties' Motion for Preliminary Approval, and the Parties' proposed Notice to Class Members and Summary Notice, hereby Orders that:

1. The Settlement Agreement is finally approved as fair and reasonable.
2. In making the final determination that the Settlement Agreement is fair, reasonable, and adequate, the Court has considered the factors set forth in Fed. R. Civ. P. 23(e)(2) and balanced the advantages and costs of the settlement against continued litigation. See *Robinson v. Nat'l Student Clearinghouse*, 14 F.4th 56, 59 (1st Cir. 2021); *Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009). The relief provided in the Settlement Agreement to Class Members is comprehensive and detailed; fairly, reasonably, and adequately remedies the injuries alleged; and treats class members equitably relative to one another. Class counsel conducted an initial investigation of the contested application before filing the litigation prior to engaging in arm's length negotiations. Class counsel is a competent attorney with

significant experience in litigating, negotiating, and implementing class action Fourth and Fifth Amendment cases, and the class representatives adequately represent the Class. The litigation risks and legal uncertainty associated with continued litigation for both parties support the conclusion that settlement is preferable. Finally, considering the above findings, any objections filed regarding the Settlement Agreement cannot overcome the presumption of reasonableness. See *Cohen v. Brown Univ.*, 16 F.4th 935, 951 (1st Cir. 2021).

3. The proposed class is permanently certified as a settlement class pursuant to Fed. R. Civ. P. 23(e), comprised of:

   All persons who have or have had the COVID Exposure Notification Setting—known alternatively as "MassNotify v.3," "Exposure Notification Settings Feature-MA," and "Massachusetts Department of Public Health"—on their Android Devices from March 18, 2021, until May 11, 2023.

4. The Court, having considered the factors required by Fed. R. Civ. P. 23(g), and the qualifications, experience, and knowledge of class counsel, as set forth in their Memorandum of Law in Support of Joint Motion for Final Approval of Settlement and Class Certification, ECF __, hereby appoints Margaret Little, of the New Civil Liberties Alliance (NCLA), as class counsel. The Court further finds that class counsel will fairly and adequately represent the interests of the class.

5. The Court does not retain jurisdiction to enforce and modify the Settlement Agreement and resolve any disputes that arise in connection therewith. Instead, the terms of the Settlement Agreement may be enforced in a State court action, as set forth in the Agreement.

SO ORDERED.

DATED: June 9, 2026

/s/ *Mark G. Mastroianni*

MARK G. MASTROIANNI
U.S. DISTRICT JUDGE